UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAMALA BEATY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-76 |
| | § | |
| WAL-MART STORES TEXAS, LLC, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On March 23, 2011, the Court held a phone conference in the above-styled action, during which Plaintiff made an oral motion to remand. For the reasons discussed below, the Court GRANTS this motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Cause Number 1060842-2.

**I.**     **Factual and Procedural Background**

Plaintiff Tamala Beaty filed this action in County Court at Law No. 2 of Nueces County, Texas on May 7, 2010. (D.E. 1-1.) The petition in this case states claims of negligence against Defendants, deriving from a bicycle accident in which "Plaintiff was thrown from the bicycle causing her to sustain severe personal injuries to her body." (D.E. 1-1 at 7.)  Defendants are Wal-Mart Stores Texas, LLC ("Wal-Mart"), Pacific Cycle, Inc. ("Pacific Cycle"), John Ganley, and Uche Nwamkpa. (D.E. 1.) Pacific Cycle is the manufacturer of the bicycle at issue, and Wal-Mart is the retailer who sold the bicycle to Plaintiff. Defendant Nwamkpa was the manager of the Wal-Mart at the time the bicycle was sold, and Defendant Ganley is the current manager. (D.E. 2 at 6.)

Defendants Wal-Mart and Pacific Cycle were first served on May 17, 2010. (D.E. 1-3 at 31; D.E. 1-3 at 28.). Wal-Mart and Pacific Cycle removed this action to this Court on March 18, 2011. (D.E. 1.) Although Plaintiff Beaty and Defendants Ganley and Nwamkpa are Texas citizens, Defendants Wal-Mart and Pacific Cycle allege diversity jurisdiction and claim that Ganley and Nwampka were fraudulently joined to defeat federal jurisdiction. They further claim that both the amount in controversy and the fraudulent joinder issue only became apparent from the second amended petition in this action, which was filed on March 1, 2011. (D.E. 2 at 5-15; D.E. 1.)

## II.   Discussion

### A.   General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

B.  **Timeliness of Removal**

1.  **Amount in Controversy**

Title 28, Section 1446(b) provides, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). If a case is not initially removable based on the original complaint, removal may become proper at a later date based upon the "other paper" clause in 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). "[T]he requirement for timely filing a petition for removal is mandatory." Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 732 (5th Cir. 1996). The "[c]ourt cannot extend it and the parties may not accomplish the same result by stipulation." Pace v. Chevron U.S.A., Inc., 1993 U.S. Dist. LEXIS 9295, *1, 1993 WL 262694 (E.D. La. 1993) (citing Albonetti v. GAF Corp-Chem. Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981)).

Here, Defendants argue that removal is timely because the amount in controversy was not apparent until they were served with Plaintiff's second amended petition, in which Plaintiff stated that she sought an "amount no greater than five hundred thousand dollars." (D.E. 2 at 14-15.) As noted above, 28 U.S.C. § 1332(a) expressly limits a district court's diversity jurisdiction to "civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). "In removal practice, when

a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. . . . ." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

Upon review, the Court finds that the amount in controversy was facially apparent from the original petition, served on Defendants on May 17, 2010. The original petition states claims of negligence against defendants, deriving from a bicycle accident in which "Plaintiff was thrown from the bicycle causing her to sustain severe personal injuries to her body." The original petition sets out the following damages: "severe bodily injuries to [Plaintiff's] head, neck, back, and other parts of her body generally. Plaintiff's body was bruised, battered, and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature." Plaintiff alleges life-long injuries, and states that she suffered "great physical and mental pain, suffering and mental anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life." (D.E. 2-1 at 16-22.)

The original petition also references significant medical expenses. Plaintiff seeks, in the original petition, past and future medical expenses, physical impairment and disability in the past and future, physical impairment in the past and future, loss of wages in the past and future, loss of past and future earning capacity, pain and suffering, mental anguish, exemplary damages, and property damage. (D.E. 2-1 at 21-22.) Notably, the second amended petition states the same facts and same damages. The only significant

difference is in the prayer for relief, which states that Plaintiff seeks a judgment in an "amount no greater than five hundred thousand dollars." (D.E. 2-1 at 10-11.) Otherwise, the allegations of damages are the same.

Where a plaintiff's petition contains allegations such as these, the Fifth Circuit has found that it is "facially apparent" that damages exceed $75,000. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (finding $75,000 amount in controversy requirement "facially apparent" from original petition that "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Chapman v. Powermatic, 969 F.2d 160, 163 (5th Cir 1992). As such, the amount in controversy was "facially apparent" from the original petition served upon Defendants in May 2010, and removal should have occurred within thirty days of service of that petition. 28 U.S.C. § 1446(b).

Because non-diverse defendants were a party to the suit both at the time of filing of the original petition and in the second amended petition, the Court must also consider whether fraudulent joinder was first ascertainable more than thirty days ago.

### 2. Fraudulent Joinder

With respect to the fraudulent joinder issue, Defendants argue that John Ganley and Uche Nwamkpa are improperly joined to defeat diversity. John Ganley was thought to be the manager of the Wal-Mart Store on the date the bicycle was purchased, but it was later found to be Mr. Nwamkpa. Defendants provide three reasons supporting their claim of fraudulent joinder. First, under Texas law, an employee may be individually liable only if he owes an independent duty apart from the employer's, or commits an intentional

tort. Because Ganley and Nwampka have been sued only in their capacity as employees, a negligence cause of action against Ganley or Nwamkpa cannot proceed, Wal-Mart and Pacific Cycle argue. Second, as Mr. Ganley was not the manager at the time, he cannot be liable under any theory. Finally, Defendants argue that Plaintiff's claims against Nwamkpa are barred by the statute of limitations. Texas state law provides a two year statute of limitations for negligence claims. Here, Plaintiff purchased the bicycle on May 17, 2008, and suit was first brought against Nwamkpa on or about January 18, 2011. (D.E. 1-1 at 5; D.E. 2 at 12.)

A district court may disregard a defendant's citizenship if a defendant is fraudulently joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). The burden is on the removing party "to prove that the joinder of the in-state parties was improper — that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575. "[T]he burden of proving fraudulent joinder is a heavy one." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004). The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citations and quotation marks omitted).

With respect to timeliness, "[t]he Fifth Circuit has been quite clear that in cases of improper joinder, the 30 day time period begins to run from the time the improper joinder is discovered." Frisby v. Lumbermens Mut. Cas. Co., 2007 WL 2300331, at *2 (S.D. Tex. 2007) (citing Baden v. Nabisco, 224 F.3d 382, 390 n. 13 (5th Cir. 2000)). Thus, the defendant has thirty days to remove the case to federal court from when "the fraudulent

joinder could first be ascertained." Delaney v. Viking Freight, Inc., 41 F. Supp. 2d 672, 674 (E.D. Tex. 1999); see also Harrod v. Zenon, 2003 WL 21748687, at *5 (E.D. La. 2003) (emphasis added) ("[I]n removal cases involving fraudulent joinder claims, the period for timely removal commences when the defendant can first ascertain that a party has been fraudulently joined.").

Defendants are correct that, under Texas law, a plaintiff generally cannot bring "negligence claims against both a company and a company employee acting within the scope of his or her employment duties." See, e.g., Kopczynski v. Wal-Mart Stores Texas LP, 2011 WL 902237, at *6 (S.D. Tex. Mar. 14, 2011) and cases cited therein. The problem here, however, is that Mr. Ganley was named as a defendant in Plaintiff's original petition, served in May 2010. (D.E. 1-1 at 4.) Without passing on the merits of the fraudulent joinder argument, the Court finds that the same basis for alleging fraudulent joinder that exists now also existed at the time of the original petition; namely, the inability to state a negligence claim against an employee without an independent duty, and the fact that Ganley was not the manager at the time in question. As counsel represents both Wal-Mart and Ganley, counsel should have been aware that Ganley was not the manager on the date in question almost as soon as Defendants were served with the original petition. In other words, many of the same fraudulent joinder arguments Defendants now make, even if meritorious, could have been made on the basis of the original petition. Therefore, the alleged fraudulent joinder could "first be ascertained" well over thirty days ago.

The Court does not find that the subsequent addition of Nwampka materially changes the analysis. Even assuming a fraudulent joinder argument could also be made

with respect to Nwampka, the possibility of fraudulent joinder was "first ascertainable" when Defendants were served in May 2010 with an original petition naming Ganley as the Wal-Mart store manager. The mere fact that the second amended complaint now names a second defendant that Defendants also claim to be improperly joined may make the fraudulent joinder issue more apparent, but does not change the fact that it was first ascertainable in May 2010.

Thus, because both the amount in controversy and the possibility of fraudulent joinder were both readily apparent on the face of the original petition, served upon Defendants in May 2010, the removal is now untimely under 28 U.S.C. § 1446(b). The Court must therefore grant Plaintiff's oral motion to remand.

### III. Conclusion

For the reasons stated above, the Court hereby GRANTS Plaintiffs' oral motion to remand and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Cause Number 1060842-2.

SIGNED and ORDERED this 24th day of March, 2011.

_____
Janis Graham Jack
United States District Judge